United States District Court
Southern District of Texas
**ENTERED**
February 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR HERNANDEZ RESENDIZ, | § § | CIVIL ACTION NUMBER 4:25-cv-05940 |
| Petitioner, | § § § | |
| | § | JUDGE CHARLES ESKRIDGE |
| versus | § § § | |
| KRISTI NOEM, *et al*, | § | |
| Respondents. | § | |

**OPINION AND ORDER ON DISMISSAL**

Petitioner Cesar Hernandez Resendiz filed a petition for writ of *habeas corpus* under 28 USC §2241 on December 10, 2025. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) is unlawful. He contends that any detention should instead proceed, if at all, under 8 USC §1226(a), which may entitle him to a bond hearing. Id at ¶156. In that regard, Petitioner alleges violations of (i) the Immigration and Nationality Act, (ii) the Due Process Clause of the Fifth Amendment, and (iii) related regulations. Id at ¶¶155–163.

Pending also is a motion by the Government for summary judgment. Dkt 11. The Government maintains that no bond hearing is required because Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Id at 6.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 2026 WL 323330 (5th Cir). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that

all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at *4–10.

The undersigned previously resolved that and an array of closely related issues upon determination that the Government may properly apply 8 USC §1225(b)(2)(A) in circumstances similar to those of Petitioner. For example, see:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Finding that (i) the term "applicant for admission" is determinative, as it is broadly defined to include anyone "present in the United States who has not been admitted," (ii) application of §1225(b)(2)(A) doesn't render superfluous the amendment to §1226 by the Laken Riley Act, and (iii) no due process violation occurs where constitutional argument depends on rejected statutory interpretation of §§1225 and 1226.
- *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex): Rejecting contention that (i) the text of §1225(b)(2)(A) is ambiguous, with resort to other canons of statutory construction thus being unnecessary, (ii) the location of petitioner's arrest may itself violate due process or otherwise make detention unlawful, and (iii) prior work authorizations confer lawful status.
- *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Rejecting arguments based on (i) bond regulations because statutory language prevails over putative conflicting regulations, (ii) due process because the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings, and (iii) eligibility for adjustment of status under the Cuban Adjustment Act because such is outside the scope of *habeas* jurisdiction.

- *Cairo Ceniz v Bondi*, 4:26-cv-00017 (SD Tex, Jan 21, 2026): Finding "applicants for admission" to be a subset of those "seeking admission" under 8 USC §1225(a)(3).
- *Garcia Tabon v Dickey*, 4:25-cv-06145 (SD Tex, Jan 22, 2026): Rejecting argument under Administrative Procedure Act where it depends on rejected statutory interpretation of §§1225 and 1226.
- *Vargas Ordonez v Frink*, 4:25-cv-06386 (SD Tex, Jan 20, 2026): Rejecting argument under Fourth Amendment where it depends on rejected statutory interpretation of §§1225 and 1226.

As noted within the above citations, a claim under the Due Process Clause of the Fifth Amendment necessarily fails to the extent that it proceeds upon reliance of rejected statutory interpretation as to the applicability of §1226. For example, see *Montoya Cabanas*, 2025 WL 3171331 at *6–7; *Herrera Naranjo*, 2025 WL 3771447 at *2. Further, the Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 523 (2003).

As also noted above, a claim under the Administrative Procedure Act likewise fails to the extent that it proceeds upon reliance of the same rejected statutory interpretation. Such claims are also foreclosed by 5 USC §704 given that adequate remedy exists through *habeas* relief. For example, see *Garcia Tabon*, 4:25-cv-06145, Dkt 14 at 3; *Sanchez-Sanchez*, 4:26-cv-00144, Dkt 7 at 2–3.

The undersigned has also determined that the order entered in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal), purporting to certify a nationwide class, far exceeded the jurisdiction of the Central District of California. See *Sanchez-Sanchez*, 4:26-cv-00144, Dkt 7

3

at 2, adopting reasoning of *Calderon Lopez v Lyons*, 2025 WL 3683918 (ND Tex) (Hendrix, J). The *Bautista* order also remains on appeal in the Ninth Circuit and is, at least in that sense, not entitled to preclusive effect here. See *Bautista v Department of Homeland Security*, 25-7958 (9th Cir). In any event, a district court isn't bound by another district court's ruling. *See Camreta v Greene*, 563 US 692, 709 n 7 (2011). This is particularly true in the present circumstances where the Fifth Circuit has now decided the same issue contrary to the Central District of California. See *Buenrostro-Mendez*, 2026 WL 323330 at *4–10.

To the extent Petitioner relies on arguments not raised and resolved in the decisions above, they lack merit.

*First*, he attempts to raise a procedural due process challenge to §1225. Id at ¶¶145–54. But Petitioner has "only those rights regarding admission that Congress has provided by statute" because of Congress's "sovereign prerogative" over immigration. *Department of Homeland Security v Thuraissigiam*, 591 US 103, 140 (2020).

*Second*, though absent from his asserted claims for relief, he appears to argue that the Ex Post Facto Clause bars application of §1225(b)(2) to him. See Dkt 1 at ¶¶135–139. But the Supreme Court has long recognized that "the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v Youngblood*, 497 US 37, 41 (1990). Immigration proceedings are a civil matter. See *INS v Lopez-Mendoza*, 468 US 1032, 1038 (1984): "A deportation proceeding is a purely civil action to determine eligibility to remain in this country, not to punish an unlawful entry . . . ." No penal statute is implicated.

*Third*, Petitioner contends that, because the Government previously cited §1226 as the basis for his detention when originally releasing him from custody upon apprehension after arrival, it cannot now "switch tracks" and detain him under §1225. Dkt 1 at ¶¶133–34. The *Buenrostro-Mendez* decision forecloses that argument. The Fifth Circuit there observed that "the government's past practice has little to do with the statute's text. The text

says what it says, regardless of the decisions of prior Administrations." *Buenrostro-Mendez*, 2026 WL 323330 at *8. As such, the Government may lawfully apply §1225(b)(2) to Petitioner upon his current apprehension.

The petition for writ of *habeas corpus* by Petitioner Cesar Hernandez Resendiz is thus DENIED. Dkt 1.

The motion for summary judgment by the Government is GRANTED. Dkt 11.

This action is DISMISSED.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on February 17, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge